# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOANNA FERGUSON, by and through her Guardians ad Litem, *et al.*, | |
| Plaintiffs, | Case No. 2:08-cv-00031-JCM-GWF |
| vs. | **ORDER** |
| CLARK COUNTY SCHOOL DISTRICT; *et al.*, | Motion to Substitute Party (# 63) |
| Defendants. | |

This matter is before the Court on Nicole Williams' Motion to Substitute Special Administrator Nicole Williams for Plaintiff Isaiah Williams (#63), filed July 14, 2011.

## BACKGROUND

This case is based on Defendant Mamie Hubbard-Washington's alleged verbal and physical abuse of Plaintiffs from January 2006 to May 2007. Plaintiffs also allege that subsequent to the abuse, Isaiah Williams, a minor, went to live in Arizona with his father, where he passed away on September 15, 2007. On December 4, 2007, Plaintiffs initiated this case naming as a Plaintiff, Isaiah Williams, by and through his mother and Guardian ad Litem, Nicole Williams. On June 11, 2011, Ms. Williams was appointed Special Administrator of Plaintiff Isaiah Williams' estate. Pursuant to Fed. R. Civ. P. 25(a)(1), Ms. Williams now seeks to be substituted as the party Plaintiff for her deceased son, Plaintiff Isaiah Williams.

## DISCUSSION

Federal Rule of Civil Procedure 25 governs motion to substitute; however, what Ms. Williams seeks does not fall within that rule. Rule 25(a)(1) applies only when, *after* an action is

initiated, a party dies. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (emphasis added). Therefore, because Plaintiff Isaiah Williams' death occurred prior to the filing of the lawsuit, Ms. Williams' desired substitution cannot be achieved under Rule 25.

However, the requested change may be accomplished under Rule 17, which mandates that actions "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The purpose of the real party in interest requirement is to "protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effects as res judicata." Fed. R. Civ. P. 17, adv. comm. notes. Moreover, an administrator "may sue in their own name [] without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(B).

Here, Ms. Williams' motion to substitute is accompanied by a copy of a court order appointing her as Special Administrator of her deceased son, Plaintiff Isaiah Williams' estate. Moreover, Ms. Williams was previously Plaintiff Isaiah Williams' Guardian ad Litem. As a result, the Court finds that Ms. Williams is not only the real party in interest, but also the administrator. Therefore, pursuant to Rule 17, Ms. Williams may sue Defendant in her own name.

Further, no opposition has been filed to this motion. Pursuant to Local Rule 7-2(d), failure of an opposing party to respond to a filed motion "constitute[s] a consent to the granting of the motion." Accordingly,

**IT IS HEREBY ORDERED** that Nicole Williams' Motion to Substitute Party (#63) is hereby **granted.**

DATED this 3rd day of August, 2011.

*George Foley Jr.*
_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**