# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOANNA FERGUSON, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CLARK COUNTY SCHOOL<br>DISTRICT, et al.,<br><br>        Defendants. | 2:08-CV-31 JCM (RJJ) |

## ORDER

Presently before the court is defendant Clark County School District's ("CCSD") motion for summary judgment. (Doc. #73). Plaintiffs have filed an opposition (doc. #76), to which defendant has replied (doc. #81). This court has scheduled oral argument on the motion for Thursday, March 8, 2012.

The instant litigation centers around CCSD's response to alleged violations of plaintiffs' civil rights by their teacher, Mamie Hubbard-Washington. CCSD has moved for summary judgment on plaintiffs' claims brought under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, as well as plaintiffs' claim that CCSD negligently hired, trained, and supervised, Ms. Washington.

**I.    Facts**

The admittedly disturbing facts underlying the instant dispute are well known to the litigants. Accordingly, a short summary of the facts will suffice for present purposes.

**James C. Mahan**
**U.S. District Judge**

Plaintiffs are five autistic and non-verbal children (and their guardians) that attended Doris Reed Elementary School between the 2006 and 2008 school years. The autistic class at Doris Reed was taught by Ms. Washington during the relevant time period.

Ms. Washington received a degree in elementary education from Governor State University in Illinois in 1975. After teaching for two years, she returned to school in 1977 to major in behavioral disorders and learning disabilities. Ms. Washington also received a teaching certification in special education from the state of Illinois. Prior to moving to Nevada, Ms. Washington taught behavior to a special education class for three years, before switching to a learning disabilities class for four years, and taught in an autistic classroom for ten years.

Ms. Washington interviewed for a teaching position at Doris Reed in December 2005. CCSD conducted its standard background check and, upon Ms. Washington being cleared, extended her an offer of employment. After arriving at Doris Reed, Ms. Washington was assigned to teach the autistic class. Prior to beginning her assignment, Ms. Washington was required to participate in CCSD's autistic education training program. Ms. Washington assumed control of the class in January 2006.

Plaintiffs allege that Ms. Washington began abusing the children immediately and that CCSD did not properly investigate and rectify allegations of abuse.

CCSD contends that it was first made aware of abuse allegations on March 20, 2007, when Dawn Byerly, a special education aide, witnessed Ms. Washington treat a child in an aggressive manner by grabbing him by the neck and forcing him to a garbage can to spit out food. Ms. Byerly reported the incident to her supervisor and completed a written statement. In response, the school conducted an investigation by questioning the other aides in the classroom. These aides did not confirm any wrongdoing on the part of Ms. Washington.

Shortly thereafter, on April 10, 2007, a second special education aide, Linda Anderson, witnessed Ms. Washington grab a child by the neck and forcibly move him. The school again investigated the incident, questioning Ms. Anderson and two other adults that were in the classroom and would have witnessed the incident. The next day, CCSD provided Ms. Washington with a

notice of investigatory conference to address the allegations and provide Ms. Washington with an opportunity to respond. The conference was held on April 16, 2007, resulting in Ms. Washington's suspension without pay and forwarding the complaint to the police department. Ms. Washington was ultimately terminated from employment with CCSD and convicted of criminal child abuse and neglect.

## II.     Discussion

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). The party opposing summary judgment must also provide authenticated evidence in support of its opposition. *See Orr*, 285 F.3d at 773.

In reviewing the record in preparation for the upcoming summary judgment hearing, the court finds that plaintiffs have failed to properly authenticate any of the documentation provided in opposition to the motion for summary judgment under the standards set forth in *Orr*. *See Orr*, 285 F.3d at 774; *see also Pavone v. Citicorp Credit Servs., Inc.*, 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997) (excluding a deposition for failure to submit a signed certification from the reporter); Fed. R. Evid. 901(b); Fed. R. Civ. P. 56(e) & 30(f)(1).

<u>First Cause of Action – 42 U.S.C. § 1983</u>

To prevail in their § 1983 cause of action, plaintiffs must establish that the conduct complained of was (1) committed by a person acting under color of state law and (2) deprived the plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 *Marshall v. Sawyer*, 301 F.2d 639, 646 (9th Cir. 1962).  However, Ninth Circuit precedent establishes that Ms. Washington's tortious conduct is not automatically imputed to CCSD for purposes of § 1983 suits.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

Instead, municipal liability attaches when: (1) an employee violated the plaintiffs' constitutional rights pursuant to an official policy or informal practice of the municipal entity; (2) the employee had final policy-making authority, and thus the act itself was official policy, or (3) a person with final policy-making authority ratified the unconstitutional behavior.[1] *Lauren v. Nellis*, 2011 WL 5598313, *7 (D. Nev. 2011), *citing Gillete v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).  A "policy" is defined by the Ninth Circuit as a deliberate choice to follow a course of action made by the official responsible for establishing final policies regarding the subject matter at issue. *Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1189 (D. Nev. 2008), *citing Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002).  A plaintiff may prove the existence of a municipal policy or custom by showing the existence of (1) an officially adopted policy or decision to deprive individuals of their federal rights or (2) an unofficial but widespread policy or custom that results in deprivations, such as inaction that reflects "deliberate indifference" toward the deprivation of rights.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Monell*, 436 U.S. 658.

Defendant CCSD submits that plaintiffs have no evidence of an official policy aimed at depriving individuals of their federal rights.  Further, CCSD's motion argues that there is no unofficial, but widespread, policy that results in such deprivations, such as inaction amounting to "deliberate indifference."  Deliberate indifference "occurs when the need for more or different action is so obvious and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policy makers can reasonably be said to have been deliberately indifferent to the need."  *City of Canton*, 489 U.S. at 388-89 (internal quotations omitted).  The Ninth Circuit requires plaintiffs to show that the municipality was on actual or constructive notice

---

[1] Both parties appear to agree that the second and third categories of *Monell* liability do not apply to the facts of this case.  Plaintiffs do not contend that Ms. Washington had final policy-making authority or that her conduct was ratified by policy-makers.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  that its omission would likely result in a constitutional deprivation. *Gibson v. County of Washoe*,
2  290 F.3d 1175, 1186 (9th Cir. 2002).

3  In light of plaintiffs' failure to establish specific material facts in dispute, this court is
4  constrained to grant summary judgment on the § 1983 claim. The evidence provided to the court
5  establishes that the CCSD was made aware of the alleged abuses by March 2007, and immediately
6  began an investigation culminating in the ultimate termination of Ms. Washington. On such a
7  record, this court cannot find deliberate indifference on the part of CCSD.

8  <u>Second and Third Causes of Action – The Americans with Disabilities Act and</u>
9  <u>Rehabilitation Act</u>

10  Section 504 of the Rehabilitation Act forbids organizations that receive federal funding,
11  including public schools, from discriminating against people with disabilities. 29 U.S.C.
12  §794()(2)(B); *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1020 (9th Cir. 2002). Section 504
13  provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her
14  or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to
15  discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §
16  794(a). An organization that receives federal funds violates § 504 if it denies a qualified individual
17  with a disability a reasonable accommodation that the individual needs in order to enjoy meaningful
18  access to the benefits of public services. *See Alexander v. Choate*, 469 U.S. 287, 301-02 & n. 21
19  (1985); *Bird*, 303 F.3d at 1020, 1022. Title II of the Americans with Disabilities Act extends these
20  protections to prohibit discrimination by all public entities, not just those receiving federal financial
21  assistance. *See* 42 U.S.C. §§ 12132-12133.

22  To establish a claim for monetary damages under the ADA and Rehabilitation Act, plaintiffs
23  must prove intentional discrimination. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir.
24  1998) (ADA); *Duvall v. Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (Rehabilitation Act). The level
25  of intent required to support an award of compensatory damages is measured by the "deliberate
26  indifference test." *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002). "Deliberate
27  indifference requires both knowledge that a harm to a federally protected right is substantially likely,
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

and a failure to act upon that likelihood." *See Holman v. Logisticare Solutions*, 2011 WL 855342, *2, *quoting Duvall*, 260 F.3d at 1138.  Where a plaintiff cannot show deliberate indifference, summary judgment is appropriate. *Doe v. Nevada*, 2006 WL 2583746, ( D. Nev. 2006).

As explained above, plaintiffs have not provided this court authenticated evidence to create a disputed fact regarding CCSD's deliberate indifference.  Instead, the evidence in the record establishes that the district acted quickly to investigate the alleged harms to federally protected rights.

Sixth Cause of Action – Negligent Hiring, Training, and Supervision

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *See Lucey v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Ed.*, 2009 WL 971667, *7 (D. Nev. 2009), *quoting Burnett v. C.B.A. Sec. Serv., Inc.*, 820 P.2d 750 (Nev. 1991).  If an employer hires an employee when it knew, or should have known, of the employee's dangerous propensities, the employer violates this duty. *Id.*

Here, plaintiffs have provided no evidence to establish a material fact in dispute regarding CCSD's hiring, training, and supervision, of Ms. Washington.  Rather, the evidence establishes that Ms. Washington came to CCSD with over 14 years of experience related to teaching children with autism or other disabilities, CCSD conducted a background check on Ms. Washington, checked her references, required she take additional autism-specific training prior to beginning classroom instruction, formally observed her classroom behavior on 14 different occasions, and conducted unannounced weekly or bi-weekly classroom visits to conduct further observation.  Such uncontested facts establish that summary judgment in favor of CCSD is warranted on the sixth cause of action.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (doc. #73) be, and the same hereby is, GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    IT IS FURTHER ORDERED that the hearing on the motion for summary judgment, currently
2    scheduled for Thursday, March 8, 2012, be, and the same hereby is, VACATED.
3    DATED March 5, 2012.

*/s/ James C. Mahan*
_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 7 -